KEITH D. YANDELL (BAR NO. 233146)
ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP
Three Embarcadero Center, 12th Floor
San Francisco, California 94111-4074
Phone: (415) 837-1515
Fax: (415) 837-1516
E-Mail: kyandell@allenmatkins.com

JOSI KENNON SWONETZ (BAR NO. 260575)
501 West Broadway, 15th Floor
San Diego, California 92101-3541
Phone: (619) 233-1155
Fax: (619) 233-1158
E-Mail: jswonetz@allenmatkins.com

Attorneys for Defendant
WELLS FARGO BANK, N.A., erroneously sued
as Wells Fargo Home Mortgage

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

| | |
|---|---|
| J. CHRIS WALSH, an individual, and J. CHRIS WALSH, Trustee of The JCW Separate Property Trust Dated 7/28/03,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO HOME MORTGAGE, a division of Wells Fargo Bank, N.A., a business entity of unknown form, NDEX WEST, LLC, a business entity of unknown form, and DOES 1-100, inclusive,<br><br>Defendants. | Case No. SACV13-01526 CJC (RZx)<br><br>**NOTICE OF MOTION AND MOTION OF DEFENDANT WELLS FARGO BANK, N.A. TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      November 4, 2013<br>Time:     1:30 p.m.<br>Crtrm.:   9B<br>Judge:    Hon. Cormac J. Carney<br><br>Complaint Filed:  August 26, 2013<br>Trial Date:      None Set |

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

810202.02/SD

Case No.  SACV13-01526 CJC (RZx)
NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT

**PLEASE TAKE NOTICE** that at 1:30 p.m. on November 4, 2013, in Courtroom 9B of the above entitled Court, located at 411 West Fourth Street, Santa Ana, California 92701, Defendant Wells Fargo Bank, N.A., erroneously sued as Wells Fargo Home Mortgage ("Wells Fargo"), will move to dismiss each Claim for Relief in Plaintiff's Complaint with prejudice.

This motion is brought pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b) on the grounds that Plaintiff fails to:  (1) state facts sufficient to support a claim on which relief may be granted and (2) plead his claims with the requisite specificity.

The Motion to Dismiss is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities attached herein, the Request for Judicial Notice filed concurrently herewith, and such other evidence and arguments as may be presented at the hearing on this matter.

**Procedural Requirements**:  If you oppose this Motion, you are required to file your written opposition with the Office of the Clerk, United States District Court, 411 West Fourth Street, Santa Ana, California 92701 and serve the same on the undersigned not later than twenty-one (21) calendar days prior to the hearing.  IF YOU FAIL TO FILE AND SERVE A WRITTEN OPPOSITION by the above date, the Court may grant the requested relief without further notice.

This Motion is made following a conference of counsel pursuant to L.R. 7-3 which took place on September 30, 2013.

Dated:  October 4, 2013
ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By:        /s/ *Josi Kennon Swonetz*
JOSI KENNON SWONETZ
Attorneys for Defendant
WELLS FARGO BANK, N.A.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

810202.02/SD

Case No.  SACV13-01526 CJC (RZx)
NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT

# <u>TABLE OF CONTENTS</u>

**<u>Page</u>**

I.     INTRODUCTION ...................................................................................1

II.    FACTUAL ALLEGATIONS AND FACTS JUDICIALLY
       NOTICEABLE .....................................................................................2

III.   ANALYSIS ...........................................................................................4

       A.    HOLA Preempts Walsh's Claims ............................................4

             1.    HOLA Preempts Facially Neutral State Laws That,
                   As Applied, Would Regulate The Lending
                   Activities Of A Federal Savings Bank .......................4

             2.    HOLA Preemption Applies To Wells Fargo's
                   Lending Activities ......................................................5

             3.    HOLA Preempts Walsh's Claims Because They
                   Attack Wells Fargo's Servicing Practices,
                   Origination Policies And Terms of Credit..................6

       B.    Walsh's Claims For Relief Suffer From Additional Fatal
             Flaws .......................................................................................9

             1.    Walsh's Section 2923.5 Claim Fails .........................9

             2.    Walsh's Section 2923.6 Claim Fails .........................11

       C.    Walsh's UCL Claim Fails.......................................................15

             1.    Walsh's Accounting Claim Fails ...............................16

IV.    CONCLUSION ....................................................................................18

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

810202.02/SD

Case No.  SACV13-01526 CJC (RZx)
NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT

(i)

## **TABLE OF AUTHORITIES**

**Page(s)**

<u>**Cases**</u>

*Aguirre v. Wells Fargo Bank, N.A.,*
2013 U.S. Dist. LEXIS 131556 (C.D. Cal. Sept. 11, 2013)........................6, 7

*Appling v. Wachovia Mortg., FSB,*
745 F.Supp.2d 961 (N.D. Cal. 2010) ............................................................6

*Babb v. Wachovia Mortg., FSB,*
2013 U.S. Dist. LEXIS 106228 (C.D. Cal. July 26, 2013) ............................5

*Brea v. McGlashan,*
3 Cal.App.2d 454 (1934).............................................................................17

*Brown v. U.S. Bancorp,*
2012 U.S. Dist. LEXIS 26226 (C.D. Cal. Feb. 27, 2012)............................10

*Cabanilla v. Wachovia Mortg.,*
2012 U.S. Dist. LEXIS 39270 (C.D. Cal. March 20, 2012) .........................11

*Clark v. Wachovia Mortg.,*
2011 U.S. Dist. LEXIS 63398 (C.D. Cal. June 9, 2011) ..........................1, 10

*Daro v. Super. Ct.,*
151 Cal.App.4th 1079 (2007).......................................................................15

*Davenport v. Litton Loan Serv., LP,*
725 F.Supp.2d 862 (N.D. Cal. 2010) ...........................................................10

*Derusseau v. Bank of Am. , N.A.,*
2011 U.S. Dist. LEXIS 136508 (S.D. Cal. Nov. 29, 2011) ...................10, 18

*Farmers Ins. Exchange v. Sup. Ct.,*
2 Cal.4th 377 (1992)....................................................................................15

*Firearms Cases (In re),*
126 Cal.App.4th 959 (2005).........................................................................15

*Flowers v. Wells Fargo Bank, N.A.,*
2011 U.S. Dist. LEXIS 75429 (N.D. Cal. July 13, 2011) ..............................9

*Gonzalez v. Alliance Bancorp,*
2010 U.S. Dist. LEXIS 47943 (N.D. Cal. April 19, 2010) ............................7

*Gorton v. Wells Fargo Bank NA,*
2013 U.S. Dist. LEXIS 86006 (C.D. Cal. Nov. 27, 2012)....................1, 7, 8

*Guerrero v. Wells Fargo Bank, N.A.,*
2010 U.S. Dist. LEXIS 96261 (C.D. Cal. Sept. 14, 2010)............................17

*Hafiz v. Greenpoint Mortg.,*
652 F.Supp.2d 1039 (N.D. Cal. 2009) .........................................................18

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

810202.02/SD

(ii)

Case No.  SACV13-01526 CJC (RZx)
NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT

**Page(s)**

*Kamp v. Aurora Loan Servs.,*
2009 U.S. Dist. LEXIS 95245 (C.D. Cal. Oct. 1, 2009) ............................. 11

*Kaplan v. Wells Fargo N.A.,*
2013 U.S. Dist. LEXIS 109023 (C.D. Cal. July 30, 2013) ........................... 8

*Khoury v. Maly's of Cal., Inc.,*
14 Cal.App.4th 612 (1993) ..................................................................... 16

*Kritzer v. Lancaster,*
96 Cal.App.2d 1 (1950) .......................................................................... 17

*Lopez v. World Savs. and Loan Ass'n,*
105 Cal.App.4th 729 (2003) ..................................................................... 5

*Lujan v. Defenders of Wild Life,*
504 U.S. 555 (1992) ............................................................................... 13

*Mata v. Wells Fargo Bank, N.A.,*
2013 U.S. Dist. LEXIS 108197 (C.D. Cal. July 31, 2013) ........................... 7

*McGough v. Wells Fargo Bank, N.A.,*
2012 U.S. Dist. LEXIS 151737 (N.D. Cal. Oct. 22, 2012) .......................... 13

*Mueller v. Bank of Am., N.A.,*
2012 U.S. Dist. LEXIS 107684 (S.D. Cal. Aug. 1, 2012) ........................... 10

*Nguyen v. Wells Fargo Bank, N.A.,*
749 F.Supp.2d 1022 (N.D. Cal. 2010) ............................................. 4, 6, 7, 16

*Powell v. Residential Mortg. Capital,*
2010 U.S. Dist. LEXIS 59698 (N.D. Cal. May 24, 2010) ........................... 17

*Rosenfeld v. Nationstar Mortg., LLC,*
2013 U.S. Dist. LEXIS 118161 (C.D. Cal. Aug. 19, 2013) ......................... 16

*Sami v. Wells Fargo Bank,*
2012 U.S. Dist. LEXIS 38466 (N.D. Cal. March 21, 2012) .......................... 8

*Sato v. Wachovia Mortg., FSB,*
2011 U.S. Dist. LEXIS 75418 (N.D. Cal. July 13, 2011) ...................... 5, 6, 7

*Silvas v. E*trade Mortg. Corp.,*
514 F.3d 1001 (9th Cir. 2008) ............................................................... 4, 9

*Singh v. Wells Fargo Bank, N.A.,*
2009 U.S. Dist. LEXIS 67123 (N.D. Cal. July 30, 2009) ...................... 15, 18

*Spencer v. DHI Mortg. Co., LTD.,*
642 F.Supp.2d 1153 (E.D. Cal. 2009) .................................................... 17

*Tanguinod v. World Savings Bank,*
755 F.Supp.2d 1064 (C.D. Cal. 2010) ...................................................... 7

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

810202.02/SD

(iii)

Case No.  SACV13-01526 CJC (RZx)
NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT

**Page(s)**

*Teselle v. McLoughlin*,
    173 Cal.App.4th 156 (1990)........................................................................ 18

*Ulu v. Wells Fargo Bank N.A.*,
    2011 U.S. Dist. LEXIS 141992 (N.D. Cal. Dec. 9, 2011) ............................ 9

*Ware v. Bayview Loan Serv., LLC*,
    2013 U.S. Dist. LEXIS 120324 (S.D. Cal. Aug. 16, 2013) ............... 2, 12, 17

*Winterbower v. Wells Fargo Bank, N.A.*,
    2013 U.S. Dist. LEXIS 44087 (C.D. Cal. March 27, 2013) ................. 12, 14

*Zlotnik v. U.S. Bancorp*,
    2009 U.S. Dist. LEXIS 119857 (N.D. Cal. Dec. 22, 2009) .......................... 6

**Statutes**

12 U.S.C. § 1464.......................................................................................... 4

Cal. Bus. & Prof. Code § 17200 ................................................................ 15

Cal. Civ. Code § 2924.12(g) ...................................................................... 14

**Rules**

Fed.R.Civ.P. 9 ............................................................................................ 16

**Regulations**

12 C.F.R. § 560.2 .......................................................................................... 4

12 C.F.R. § 560.2(b) ........................................................................... 4, 5, 6, 7

12 C.F.R. § 560.2(b)(5) ............................................................................... 8

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

810202.02/SD

(iv)

Case No.  SACV13-01526 CJC (RZx)
NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This is yet another strike suit in the wake of the real estate market downturn attempting to hold up a mortgage lender who did nothing wrong.  After living in his $2 million estate rent and mortgage free for over a year, Plaintiff J. Chris Walsh, as an individual and as trustee of the JCW Separate Property Trust dated July 28, 2003 (collectively, "Walsh" or "Plaintiff"), filed this lawsuit in a last-ditch effort to avoid a lawful foreclosure sale.  Walsh's Complaint generally asserts that Wells Fargo violated California Civil Code Sections 2923.6 and 2923.55,[1] part of the California Homeowner Bill of Rights ("HBOR"), by failing to properly assess/reassess his financial circumstances and explore foreclosure prevention alternatives.  The Complaint also alleges that Wells Fargo had a practice of marking-up services provided by third party vendors in violation of Business and Professions Code § 17200 ("UCL").  The Complaint fails to state a claim for multiple reasons.

*First*, the Home Owners' Loan Act of 1933 ("HOLA") preempts all of Walsh's claims because they attack a federally chartered bank's terms of credit, servicing policies, disclosures and loan-related fees.  *Gorton v. Wells Fargo Bank NA*, 2013 U.S. Dist. LEXIS 86006, *15-16 (C.D. Cal. Nov. 27, 2012) (holding that HOLA preempts the precise claims that Walsh attempts to advance here).  The Court should end its analysis there – the Complaint should be dismissed with prejudice.

*Second*, Walsh does not state a claim under Section 2923.55 because he concedes he communicated with Wells Fargo regarding foreclosure alternatives.  *Clark v. Wachovia Mortg.*, 2011 U.S. Dist. LEXIS 63398, *8 (C.D. Cal. June 9, 2011) (Section 2923.5 claim fails as a matter of law where the complaint admits the borrower communicated with his lender regarding a loan modification).

---

[1]    All further references to "Section" are to the California Civil Code unless otherwise specified.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

810202.02/SD

Case No.  SACV13-01526 CJC (RZx)
NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT

*Third*, Walsh's Section 2923.6 claim fails because:  (1) the allegations in the Complaint refute his conclusory assertion that he was not afforded a fair opportunity to be evaluated for a loan modification; (2) Walsh fails to assert that he complied with Section 2923.6(g)'s requirements in describing the purported material change in his financial circumstances; (3) HBOR does not apply retroactively; and (4) as a party to the settlement agreement in *United States of America v. Bank of America Corporation*, Case No. 1:12-cv-00361 RMC ("Settlement Agreement"), Wells Fargo cannot be held liable for claims under the HBOR so long as it acted in compliance with the terms of the Settlement Agreement, and Walsh does not allege any such noncompliance.  *Ware v. Bayview Loan Serv., LLC*, 2013 U.S. Dist. LEXIS 120324, *9-10 (S.D. Cal. Aug. 16, 2013) (rejecting near identical Section 2923.6 claim brought by Walsh's counsel).

*Fourth*, Walsh lacks standing to bring his UCL claim because he does not allege that Wells Fargo "marked-up" any default related fees in connection with *his* loan and therefore fails to allege the "loss of money or property" as the UCL requires.  Walsh cannot cure this default by amendment because he has not paid any of those fees and, therefore, has not "lost money or property" as a result of the allegedly unlawful act.  At a minimum, the Court should dismiss Walsh's UCL claim because Walsh does not plead it with the particularity that Rule 9(b) requires.

*Finally*, Walsh's accounting claim fails because Walsh fails to allege facts demonstrating that Wells Fargo owed him a fiduciary duty.  Moreover, Walsh fails to state an underlying claim to which his accounting claim may be tethered.

Viewed from any angle, Walsh does not and cannot state a claim for relief. The Court should dismiss the Complaint *with prejudice*.

## II.   FACTUAL ALLEGATIONS AND FACTS JUDICIALLY NOTICEABLE

On or about April 8, 2008, Walsh borrowed $2,000,000 from Wachovia Mortgage, FSB ("Wachovia").  (Compl. ¶ 41; Request for Judicial Notice ("RJN"),

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

810202.02/SD
-2-

Case No.  SACV13-01526 CJC (RZx)
NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT

Ex. 1.)  That loan was evidenced by a Promissory Note and secured by a Deed of Trust recorded against the property commonly known as 32451 Seven Seas Drive, Dana Point, California 92629 ("Property").[2]  (*Id.*)

Walsh alleges that he "performed dutifully under the Loan, as required, until 2012, when his payments increased from $6,800 to $12,389 per month, and his income had decreased, and accordingly, suffered a significant financial setback." (Compl. ¶ 42.)  By 2013, "Plaintiff's financial situation continued to worsen" and eventually he stopped making his monthly mortgage payments.  (*Id.* at ¶ 43.)

In March 2012, Walsh contacted Wells Fargo to inquire regarding a loan modification or other mortgage assistance.  (*Id.* at ¶ 44.)  Walsh alleges he was told that he "'pre-qualified' for a loan modification and promised that if [he] submitted a complete application for a loan modification, with all the required financial documents . . . then no foreclosure proceedings would initiate while his application was in review."  (*Id.* at ¶ 44.)  Walsh further alleges he submitted a complete loan modification, but was advised in February 2013, that he needed to reapply for a loan modification with updated financial information.  (*Id.* at ¶¶ 45- 47.)  Walsh asserts he resubmitted the requested documentation.  (*Id.* at ¶ 48.)  On or around July 31, 2013, a notice of default was recorded against the Property and sent to Walsh evidencing that he owed over $200,000 in arrears.  (*Id.* at ¶ 49; RJN, Ex. 4.)

Walsh alleges sometime between February 2013, the date of his latest loan modification application, and August 2013, there was a "material change" in his financial circumstances.  (*Id.* at ¶ 54.)  Walsh alleges that on August 26, 2013, his attorney sent Wells Fargo a letter that "memorialized and submitted facts regarding Plaintiffs' [*sic*] financial changes[.]"  (*Id.* at ¶ 56; Ex. B.)  While the letter alleges

---

[2]  Effective December 31, 2007, Wachovia was charted as a federal saving bank. (RJN, Ex. 2.)  On November 1, 2009, Wachovia changed its name to Wells Fargo Bank Southwest, N.A. and then merged into and became a division of Wells Fargo.  (RJN, Ex. 3.)

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

810202.02/SD

-3-

Case No.  SACV13-01526 CJC (RZx)
NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT

1  Walsh had a "material change of financial circumstances," it did not provide any
2  documentation evidencing such change.  (Compl., Ex. B.)

3      Walsh responded to the pending foreclosure sale by filing this lawsuit, which
4  purports to allege the following claims against Wells Fargo:  (1) violation of
5  Section 2923.55; (2) violation of Section 2923.6; (3) violation of UCL; and
6  (4) accounting.  As set forth herein, he fails to state a single viable claim.

7  **III.   ANALYSIS**

8      **A.    HOLA Preempts Walsh's Claims**

9      In each of his claims for relief, Walsh seeks to use state law to effectively
10 regulate Wells Fargo's "terms of credit, . . . including the circumstances under which
11 a loan may be called due and payable upon the passage of time or specified event
12 external to the loan," "servicing, sale or purchase of, or investment or participation
13 in, mortgages," and loan related fees.  12 C.F.R. § 560.2(b)(4), (5), & (10).  Thus,
14 HOLA preempts his claims.

15          **1.    HOLA Preempts Facially Neutral State Laws That, As**
16                  **Applied, Would Regulate The Lending Activities Of A**
17                  **Federal Savings Bank.**

18     Congress enacted HOLA with the purpose of chartering savings associations
19 that are "centrally regulated according to nationwide 'best practices'" under federal
20 law.  *Nguyen v. Wells Fargo Bank, N.A.*, 749 F.Supp.2d 1022, 1031 (N.D. Cal.
21 2010) (citing *Silvas v. E*trade Mortg. Corp.*, 514 F.3d 1001, 1004 (9th Cir. 2008).).
22 "Through HOLA, Congress gave the [Office of Thrift Supervision ("OTS")] broad
23 authority to issue regulations governing federal savings associations."  *Id.* (citing
24 12 U.S.C. § 1464; *Silvas*, 514 F.3d at 1005).  In exercising that broad authority, the
25 OTS "occupies the entire field of lending regulation for federal savings
26 associations."  12 C.F.R. § 560.2.  "Thus, the federal regulation is intended to
27 preempt all state laws purporting to regulate any aspect of the lending operations of
28 a federally chartered savings association, whether or not OTS has adopted a

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

810202.02/SD                                   -4-

Case No.  SACV13-01526 CJC (RZx)
NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT

regulation governing the precise subject of the state provision." *Lopez v. World Savs. and Loan Ass'n*, 105 Cal.App.4th 729, 738 (2003).  Particularly relevant here, HOLA preempts, without limitation, state laws purporting to impose requirements regarding:

> (4) the terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan . . .
>
> (5) loan-related fees, including without limitation, initial charges, late charges, prepayment penalties, servicing fees, and overlimit fees . . .
>
> (9) and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents and laws requiring creditors to supply copies of credit reports to borrowers or applicants . . .
>
> (10) Processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages . . .

12 C.F.R. § 560.2(b).

> ## 2.    HOLA Preemption Applies To Wells Fargo's Lending Activities.

Walsh obtained the Loan from Wachovia.  (RJN, Ex. 1.)  At the time Walsh obtained the Loan, Wachovia was a federally chartered savings bank regulated by OTS.  (RJN, Ex. 2.)  Thus, HOLA applies to Walsh's claims arising out of the servicing of the Loan.

Wells Fargo's acquisition of Wachovia does not change this conclusion. "Although Wachovia was subsequently acquired by a national banking association, namely Wells Fargo Bank, N.A., district courts have held that HOLA preemption applies to all conduct related to the loan."  *Sato v. Wachovia Mortg.*, *FSB*, 2011 U.S. Dist. LEXIS 75418, *14-15 (N.D. Cal. July 13, 2011); *Babb v. Wachovia Mortg.*, *FSB*, 2013 U.S. Dist. LEXIS 106228, *11 (C.D. Cal. July 26, 2013) ("The fact that

1  Wachovia merged into Wells Fargo does not render HOLA inapplicable.  Courts

2  have held that successors in interest may properly assert preemption under HOLA

3  even if the successor entity is not a federally chartered savings."); *Aguirre v.*

4  *Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 131556, *25 (C.D. Cal. Sept. 11,

5  2013) ("[A]lthough Wells Fargo itself is not subject to HOLA and OTS regulations,

6  this action is nonetheless governed by HOLA because Plaintiff's loan originated

7  with a federal savings bank and was therefore subject to the requirements set forth in

8  HOLA and OTS regulations."); *Appling v. Wachovia Mortg., FSB*, 745 F.Supp.2d

9  961, 971 (N.D. Cal. 2010).[3]  In addition, the Deed of Trust singed by Walsh

10  expressly states that such documents are "governed by and construed under federal

11  law and federal rules and regulations, including those for federally chartered savings

12  institutions."  (RJN, Ex. 1 at ¶ 15.)

13          **3.      HOLA Preempts Walsh's Claims Because They Attack**

14                  **Wells Fargo's Servicing Practices, Disclosures, And Terms**

15                  **Of Credit.**

16          Walsh's Complaint boils down to three primary legal theories:

17  (1) Wells Fargo violated Section 2923.55 by failing to disclose foreclosure

18  alternatives; (2) Wells Fargo violated Section 2923.6 by failing to afford Walsh a

19  fair opportunity to be evaluated for a loan modification; and (3) Wells Fargo

20  charged excessive fees for default-related services.  (*See* Compl. ¶¶ 25 -35, 77-92,

21  94-106.)  HOLA preempts each of these claims.

22          ***First***, HOLA preempts Walsh's Section 2923.55 claim because that state law,

23  on its face, attempts to regulate Wells Fargo's loan related "disclosures" and

24  "servicing" in violation of 12 C.F.R. § 560.2(b)(9)-(10).  The courts that have

25

26  _____

27  [3]   "In any event, it is likely preemption under the [National Bank Act] would lead
      to the same result" because the analysis under HOLA and National Bank Act
28    preemption is essentially the same.  *Sato*, 2011 U.S. Dist. LEXIS 75418, *14,
      citing *Zlotnik v. U.S. Bancorp*, 2009 U.S. Dist. LEXIS 119857, *19 (N.D. Cal.
      Dec. 22, 2009).

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

810202.02/SD

-6-

Case No.  SACV13-01526 CJC (RZx)
NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT

addressed the question of whether HOLA preempts the current iteration of Section 2923.55 confirm this conclusion.  *See, e.g., Marquez v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 131364 *14 (N.D. Cal. Sep. 13, 2013) (relying on Section 2923.5 cases and determining HOLA also preempts claims under Section 2923.55).  And the cases holding that HOLA preempted Section 2923.55's predecessor are legion.  *Nguyen*, 749 F.Supp.2d at 1033 (granting motion to dismiss section 2923.5 claim because HOLA preempts an attempt to apply that statute to Wells Fargo); *Gorton*, 2013 U.S. Dist. LEXIS 86006 at*15-16 ("[D]istrict courts in California routinely find that § 2923.5 claims are preempted by HOLA."); *Aguirre v. Wells Fargo Bank NA*, 2013 U.S. Dist. LEXIS 131556, *26 (C.D. Cal. Sept. 11, 2013); *Mata v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS 108197, *13-14 (C.D. Cal. July 31, 2013) ("[S]ection 2923.5 attempts to regulate federal loan servicing activities.  This is precisely the type of activity HOLA preempts."); *Gonzalez v. Alliance Bancorp*, 2010 U.S. Dist. LEXIS 47943, *16 (N.D. Cal. April 19, 2010) ("defendants have made a compelling showing that section 2923.5 is preempted"); *Sato,* 2011 U.S. Dist. LEXIS 75418, *16 ("[T]he overwhelming weight of authority has held that a claim under section 2923.5 is preempted by HOLA.") (quoting *Tanguinod v. World Savings Bank,* 755 F.Supp.2d 1064, 1074 (C.D. Cal. 2010).).  This Court should follow the "overwhelming weight of authority that has held that a claim under section 2923.5 is preempted by HOLA" and dismiss Walsh's Section 2923.55 claim with prejudice.  *Sato*, 2011 U.S. Dist. LEXIS 75418, *16.

***Second***, HOLA preempts Walsh's claim for violation of Section 2923.6 because, on its face, that statute purports to regulate Wells Fargo's lending practices by requiring the bank to consider modifying Walsh's loan and by impairing Wells Fargo's ability to enforce its security interest in the Property unless it makes certain disclosures.  12 C.F.R. § 560.2(b)(4) & (10); *Gorton*, 2013 U.S. Dist. LEXIS 86006 at *10-11; *Kaplan v. Wells Fargo N.A.*, 2013 U.S. Dist. LEXIS 109023, *9

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

810202.02/SD

-7-

Case No.  SACV13-01526 CJC (RZx)
NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT

(C.D. Cal. July 30, 2013); *Marquez,* 2013 U.S. Dist. LEXIS 131364 at *14 (granting motion to dismiss because HOLA preempts Section 2923.6.).

Judge Selna's decision in *Gorton v. Wells Fargo Bank, N.A.*, is dispositive. There, the court held that HOLA preempted the precise Section 2923.6 claim Walsh seeks to advance. *Gorton*, 2013 U.S. Dist. LEXIS 86006 at *10-11.  In so deciding, the *Gorton* court began by noting that HBOR seeks to impose liability "based solely on communication regarding and actions or omissions related to either the Plaintiff's application for loan modification, Wells Fargo's denial of that application, or Plaintiff's appeal of the denial." *Gorton*, 2013 U.S. Dist. LEXIS 86006 at *10-11.  Thus, the *Gorton* court concluded that the plaintiff's HBOR claims fell "within the preemptive scope of § 560.2(b)(4), which applies to 'state laws purporting to impose requirements regarding . . . (4) the terms of credit, . . . including the circumstances under which a loan may be called due and payable upon the passage of time or specified event external to the loan.'"  *Id*. at *11.  Judge Selna went on to hold that, even if the plaintiff's claims did not fall within the confines of 12 C.F.R. § 560.2(b)(4), "the Court would have no difficulty concluding that the law 'affects lending' and that it is not otherwise saved from preemption by any subsection (c) category." *Id.*

*Gorton* is directly on point.  Here, as in that case, Plaintiff's 2923.6 claim attempts to use state law to regulate Wells Fargo's terms of credit, servicing, and processing of his loan.  Accordingly, HOLA preempts it.

***Third***, HOLA preempts Walsh's UCL claim because it attacks Wells Fargo's loan-related fees.  12 C.F.R. § 560.2(b)(5); *Sami v. Wells Fargo Bank*, 2012 U.S. Dist. LEXIS 38466, *27 (N.D. Cal. March 21, 2012) ("HOLA explicitly preempts any state law affecting the "processing . . . [of] mortgages" and any state law affecting '[l]oan related fees, including . . . late charges . . . and overlimit fees.'");

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

810202.02/SD

-8-

Case No.  SACV13-01526 CJC (RZx)
NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT

1   *Marquez*, 2013 U.S. Dist. LEXIS 131364 at *17-19 (HOLA preempts claims

2   attacking default-related fees).[4]

3       **Fourth**, Walsh's accounting claim is preempted because it attacks

4   Wells Fargo's disclosures and servicing practices.  *Ulu v. Wells Fargo Bank N.A.*,

5   2011 U.S. Dist. LEXIS 141992, *13-14 (N.D. Cal. Dec. 9, 2011) ("Plaintiffs' third

6   cause of action for an accounting challenges WFB's disclosure, as well as its

7   servicing practices, by alleging that Plaintiffs cannot ascertain the true amount owed

8   on the note without an accounting. This claim is preempted by HOLA."); *Flowers v.*

9   *Wells Fargo Bank, N.A.,* 2011 U.S. Dist. LEXIS 75429, *14 (N.D. Cal. July 13,

10  2011) (same).  This claim also fails because it is derivative of Walsh's other

11  preempted claims, and is thus preempted for the same reasons.

12      **B.    Walsh's Claims For Relief Suffer From Additional Fatal Flaws.**

13          **1.    Walsh's Section 2923.55 Claim Fails.**

14      Walsh alleges Wells Fargo violated Section 2923.55 by "failing to contact

15  Plaintiffs to assess their [*sic*] financial situation and explore possible alternatives to

16  foreclosure, by failing to advise Plaintiffs [*sic*] of their [*sic*] right to request a

17  meeting within fourteen (14) days to evaluate their [*sic*] financial situation, and by

18  failing to provide Plaintiffs [*sic*] with the telephone number to find a HUD-certified

19  counseling agency."  (Compl. ¶ 69.)  Even if HOLA did not preempt this claim, it

20  would still fail as a matter of law because Walsh's specific allegations establish that

21  Wells Fargo contacted him regarding foreclosure alternatives (*i.e.*, a loan

22  modification) throughout 2012 and 2013.  (*See generally*, Compl. ¶¶ 44-49.).

23      In *Clark v. Wachovia Mortg*., <u>this Court</u> rejected Walsh's counsel's attempt to

24  advance the same theories at issue here on the ground that the plaintiff's allegations

25  appeared to "contradict her assertion that Wachovia did not comply with its

26

27  ───────────────

4   To the extent Walsh's UCL claim relies on the Complaint's preempted HBOR
28  claims, HOLA still preempts it.  *Silvas*, 514 F.3d at 1004 (HOLA preempted
    UCL claim that was derivative of preempted state law).

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

810202.02/SD                                   -9-

Case No.  SACV13-01526 CJC (RZx)
NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT

1  obligation to contact her regarding her options to avoid foreclosure because she

2  alleges that she provided documents to Wachovia as requested and Wachovia

3  represented to the plaintiff that she was being reviewed for a loan modification

4  under the HAMP program."  2011 U.S. Dist. LEXIS 63398 at *8.  Multiple other

5  courts have reached the same conclusion and dismissed similar foreclosure

6  avoidance actions at the pleadings stage.  *Derusseau v. Bank of Am., N.A.*, 2012 U.S.

7  Dist. LEXIS 42901, *21 (S.D. Cal. March 28, 2012) (concluding that defendants

8  complied with Section 2923.5 where they "engaged in lengthy modification efforts"

9  before recording the notice of default); *Davenport v. Litton Loan Serv., LP*,

10 725 F.Supp.2d 862, 877 (N.D. Cal. 2010) (dismissing Section 2923.5 claim because

11 plaintiffs' allegation of loan modification discussions with the lender negated a

12 claim that Section 2923.5 had been violated); *Mueller v. Bank of Am., N.A.*, 2012

13 U.S. Dist. LEXIS 107684, *21-22 (S.D. Cal. Aug. 1, 2012) (dismissing plaintiff's

14 Section 2923.5 claim where the lender engaged in extensive loan modification

15 negotiations with the plaintiff); *Brown v. U.S. Bancorp*, 2012 U.S. Dist. LEXIS

16 26226, *18-19 (C.D. Cal. Feb. 27, 2012) ("Because plaintiffs admit that they

17 discussed loan modifications with [the lender] well before the notice of default was

18 recorded, their allegation that defendants failed to comply with § 2923.5 fails.")

19      Here, as in *Clark*, the allegations in the Complaint directly contradict Walsh's

20 assertion that Wells Fargo failed to comply with the requirements under

21 Section 2923.55.  Among other things, Walsh concedes he was engaged in loan

22 negotiations to modify his loan from March 2012 to July 2013.  (Compl. ¶¶ 44-49.)

23 Throughout that time period, Walsh alleges he was in direct contact with

24 Wells Fargo, he provided documents to Wells Fargo as requested, and he was

25 advised by a Wells Fargo's representative that he "pre-qualified" for a loan

26 modification.  (*Id*.)  Walsh's conclusory allegations that Wells Fargo failed to

27 comply with Section 2923.55 cannot withstand these admissions.

28

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

810202.02/SD

-10-

Case No.  SACV13-01526 CJC (RZx)
NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT

1   Moreover, the declaration attached to the Notice of Default demonstrates
2   Wells Fargo complied with the requirements under Section 2923.55.  Specifically,
3   the declaration states, "[t]he mortgage servicer has contacted the borrower pursuant
4   to California Civil Code § 2923.55(b)(2) to 'assess the borrower's financial situation
5   and explore options for the borrower to avoid foreclosure'.  Thirty (30) days, or
6   more, have passed since the initial contact was made."  As this Court acknowledged,
7   in *Cabanilla v. Wachovia Mortg*., 2012 U.S. Dist. LEXIS 39270 (C.D. Cal.
8   March 20, 2012), "the declaration is sufficient to establish that [Wells Fargo] has
9   met its obligations" under the statute.  *Id.* at *12.  Walsh's conclusory allegations
10  that the declaration is false is not sufficient to support his claim.  *Kamp v. Aurora*
11  *Loan Servs.,* 2009 U.S. Dist. LEXIS 95245, *6-7 (C.D. Cal. Oct. 1, 2009)
12  ("Moreover, the Kamps' claim fails because their conclusory assertions are
13  contradicted by the notice of default attached as Exhibit A, which includes the
14  declaration required by § 2923.5.").

### 2.   Walsh's Section 2923.6 Claim Fails.

16   Walsh's Section 2923.6 claim also fails for additional independent reasons.

(a)   Walsh Does Not Allege The Elements Of A
Section 2923.6 Claim.

19   The crux of Walsh's Section 2923.6 claim is that he was "never afforded a fair
20  opportunity to be evaluated, and were [*sic*] never fairly evaluated for a foreclosure
21  prevention alternative."  (Compl. ¶ 55.)  Specifically, Walsh alleges he "attempted,
22  several times, to contact their [*sic*] mortgage servicer to inquire as to their [*sic*]
23  options to avoid foreclosure; however, Plaintiffs [*sic*] were told that the servicers
24  would not assist Plaintiff with their [*sic*] mortgage, and that Plaintiffs' [*sic*] only
25  option was to pay the default on the Loan."  (*Id.*)  Walsh further alleges there has
26  been a "material change" in his financial circumstances which requires Wells Fargo
27  to revaluate him for a modification.  (Compl. ¶¶ 96-99.)  Walsh does not plead the
28  elements of his Section 2923.6 claim.

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

810202.02/SD                                   -11-

Case No.  SACV13-01526 CJC (RZx)
NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT

1       At its threshold, this claim fails because, again, Walsh's allegations belie his

2   conclusory claim of a HBOR violation.  Specifically, Walsh admits that Wells Fargo

3   considered him for a loan modification in March 2012 and again in February 2013.

4   (Compl. ¶¶ 44, 47.)  Walsh further concedes that, when he contacted Wells Fargo

5   regarding a loan modification, the bank prompted him to submit a completed loan

6   application, which it reviewed.  (Compl. ¶¶ 44-45.)  These specific admissions

7   defeat Walsh's general assertion that Wells Fargo never fairly evaluated him for a

8   loan modification and, in turn, doom his Section 2923.6 claim.

9       Walsh's allegations that he "notified" Wells Fargo of a material change in his

10  "financial circumstances" does nothing to salvage his inherently defective

11  Section 2923.6 claim.  Courts have found that letters drafted by Walsh's counsel

12  nearly identical to the one on which Walsh relies upon here fail to trigger a bank's

13  obligation to reconsider a borrower for a modification because they do not comply

14  with the requirements of Section 2923.6(g).  For example, in *Ware v. Bayview Loan*

15  *Serv., LLC*, 2013 U.S. Dist. LEXIS 120324 (S.D. Cal. Aug. 16, 2013), the court

16  determined that essentially the same letter from Walsh's counsel could not support a

17  Section 2923.6 claim because "Plaintiffs' barebone letter does not satisfy the

18  requirement of § 2923.6(g), which requires the borrower to 'document' and 'submit' a

19  material change in circumstances . . . Plaintiffs' letter is bereft of any details or

20  documentation."  *Id.* at *9-10.  The *Ware* court went on to hold "that to accept the

21  letter as a valid notice of material change would be at odds with the very purpose of

22  *subsection (g)*, which is meant to relieve mortgage servicers from evaluating

23  multiple loan modification applications submitted for the purpose of delay."  *Id.* at

24  *10.  The court in *Winterbower v. Wells Fargo Bank, N.A.*, 2013 U.S. Dist. LEXIS

25  44087 (C.D. Cal. March 27, 2013), reached the same conclusion with regards to a

26  letter submitted in that case by Walsh's counsel.  *Id.* at *9 ("[S]uch a barebone

27  description would easily sidestep the entire purpose of subsection(g), which is meant

28

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

810202.02/SD

-12-

Case No.  SACV13-01526 CJC (RZx)
NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT

1  to relieve mortgage servicers from evaluating multiple loan modification

2  applications submitted for the purpose of delay.").

3  　　　The letters that the *Ware* and *Winterbower* courts found could not support a

4  Section 2923.6 claim differ in no material respect from the letter at issue here.

5  Walsh's counsel drafted all the letters and they were all devoid of facts detailing the

6  purported material change.  For instance, Walsh's letter fails to allege facts detailing

7  the amount of the "substantial salary," when he began receiving this "substantial

8  salary," and how it materially changed his financial circumstances since the

9  borrower's last application.  The letters also all failed to provide any documentation

10  substantiating the borrower's claim of changed circumstances.  Justly, the express

11  language of Section 2923.6(g) requires more.

12  　　　Even if the demand letter did satisfy the requirements under

13  Section 2923.6(g), which it does not, this claim would still fail because the

14  Complaint is devoid of facts showing Walsh suffered an "injury in fact." *Lujan v.*

15  *Defenders of Wild Life*, 504 U.S. 555, 560 (1992) ("[A]n injury in fact, meaning an

16  invasion of a legally protected interest which is (a) concrete and particularized; and

17  (b) actual or imminent, not conjectural or hypothetical.") (internal quotations

18  omitted).  Walsh filed this action <u>the same day</u> his counsel informed Wells Fargo of

19  the purported "material change" in his financial circumstances.  (*See* Compl. Ex. B.)

20  As a result, Wells Fargo was not given an opportunity to evaluate the loan

21  modification request that forms the basis of Walsh's Section 2923.6(g) claim.

22  Therefore, that the bank's alleged inaction could not have caused the harm of which

23  Walsh complains.

24  　　　　　　　　(a)　　HBOR Is Not Retroactive.

25  　　　The HBOR does not apply retroactively.  *McGough v. Wells Fargo*

26  *Bank, N.A.*, 2012 U.S. Dist. LEXIS 151737, *16, n. 4 (N.D. Cal. Oct. 22, 2012)

27  ("The Court notes that the … [HBOR] amendments do not go into effect until Jan. 1,

28  2013 *and there is no indication that the law is intended to be, or will be, applied*

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

810202.02/SD

-13-

Case No.  SACV13-01526 CJC (RZx)
NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT

*retroactively*.") (emphasis in orig.).  By Plaintiff's own admission, the dual-tracking prohibition of HBOR did not become effective until January 1, 2013.  (Compl. ¶ 15.)  Thus, to the extent Walsh bases his claim on allegations regarding his purported loan modification negotiations with Wells Fargo prior to January 1, 2013, this claim fails.

(b)     <u>Walsh Does Not Allege That Wells Fargo Failed To Comply With The Settlement Agreement</u>.

Finally, this claim fails because, as a party to the Settlement Agreement, Wells Fargo cannot be held liable for violations of HBOR so long as it complies with the Settlement Agreement.  (*See* RJN, Ex. 5.)  Section 2924.12 provides:

> A signatory of a consent judgment entered in the case entitled United States of America et al. v. Bank of America Corporation et al. filed in the United States District Court for the District of Columbia, case number 1:12-cv-00361 RMC, that is in compliance with the relevant terms of the Settlement Term Sheet of that consent judgment with respect to the borrower who brought an action pursuant to this section while the consent judgment is in effect shall have no liability for a violation of Section . . . 2933.6[.]

Cal. Civ. Code § 2924.12(g).

Wells Fargo was a signatory of the consent judgment.  *See Winterbower*, 2013 U.S. Dist. LEXIS 44087 at *10 ("By California Civil Code Section 2924.12, which explains a homeowner's injunctive remedies under the Homeowner Bill of Rights, a signatory to that settlement 'shall have no liability for a violation of Section . . . 2923.6' so long as the signatory is in compliance with the relevant terms from the Settlement Term Sheet.  Plaintiffs make no such allegations as to a lack of compliance with the settlement.").  Yet Walsh does not assert that Wells Fargo failed to comply with the terms of that Settlement Agreement.  His claim fails for this reason as well.  *Id*.

LAW OFFICES
**Allen Matkins Leck Gamble**
**Mallory & Natsis LLP**

810202.02/SD

-14-

Case No.  SACV13-01526 CJC (RZx)
NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT

### 3.   Walsh's UCL Claim Fails.

Walsh alleges Wells Fargo violated Business and Professions Code § 17200 ("UCL") by:  (1) "[r]ecording a Notice of Default with a false and defective Declaration of Compliance;" (2) "[f]ailing to sufficiently contact Plaintiffs [*sic*] and assess Plaintiffs' [*sic*] financial situation . . . prior to recording the NOD;" (3) [r]ecording a Notice of Default and proceeding with conducting a Trustee's sale without complying with Civil Code § 2923.6;" and (4) "induc[ing] Plaintiffs [*sic*] to pay marked-up and/or unnecessary fees for default-related services."  (Compl. ¶¶ 112, 114.)  This claim fails for several reasons beyond preemption.

To the extent Walsh's UCL claim relies on Wells Fargo's alleged failure to comply with the HBOR, the court should dismiss it for the reasons set forth above. *See Farmers Ins. Exchange v. Sup. Ct*., 2 Cal.4th 377, 383 (1992) (claim under UCL must be founded on properly pled violation of separate law); *Singh v. Wells Fargo Bank, N.A*., 2009 U.S. Dist. LEXIS 67123, *16 (N.D. Cal. July 30, 2009).

Further, Walsh lacks standing to bring his UCL claim because he does not allege that Wells Fargo's supposedly practice of charging excessive fees caused him to suffer any "loss of money or property."  Cal. Bus. & Prof. Code § 17200 (following Proposition 64, requiring that a plaintiff have suffered loss of money or property as a result of the alleged unlawful act); *Daro v. Super. Ct.*, 151 Cal.App.4th 1079, 1099 (2007) (dismissing claim under Unfair Competition Law; plaintiff must demonstrate a "causal connection between the harm suffered and the unlawful activity"); *In re Firearms Cases*, 126 Cal.App.4th 959, 981 (2005) (UCL claim may not "be established without a link between a defendant's business practice and the alleged harm").  Walsh does not allege that Wells Fargo charged <u>him</u>, or that <u>he</u> paid, any excessive fees.  Walsh cannot amend to cure this defect because he concedes that he stopped making his loan payments in 2012 and, therefore, could not have paid any of the vague "fees" he seeks to challenge.  (Compl. ¶ 43.)

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

810202.02/SD

-15-

Case No.  SACV13-01526 CJC (RZx)
NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT

1    Finally, Walsh fails to plead his claim with the requisite particularity.

2  Fed.R.Civ.P. 9.  *See also Nguyen*, 749 F.Supp.2d at 1037-38; *Khoury v. Maly's of*

3  *Cal., Inc.*, 14 Cal.App.4th 612, 619 (1993) ("A plaintiff alleging unfair business

4  practices under these statutes must state with reasonable particularity the facts

5  supporting the statutory elements of the violation.").  In *Rosenfeld v. Nationstar*

6  *Mortg., LLC*, 2013 U.S. Dist. LEXIS 118161 (C.D. Cal. Aug. 19, 2013),

7  Judge Snyder rejected Walsh's counsel's attempt to assert <u>identical</u> claims regarding

8  excessive fees.  In that case, the plaintiff alleged the lender, Nationstar, engaged in

9  the general practice of "marking up the costs of defaultrelated [*sic*] services

10  provided by third parties, and passing the extra cost on to the consumer."  *Id.* at *15.

11  In dismissing the plaintiff's UCL claim, the court found that the "allegations [were]

12  not sufficiently specific to 'give defendant notice of the particular misconduct[.]'"

13  *Id.*

14    As in *Rosenfeld*, Walsh alleges Wells Fargo marked up defaulted-related

15  services provided by third-party vendors and passed those costs onto its borrowers.

16  (Compl. ¶¶ 25-35.)  Walsh, however, fails to allege any facts demonstrating that

17  Wells Fargo marked-up or charged excessive fees relating to his loan.  Nor does

18  Walsh explain what charges allegedly assessed to his loan were excessive and why

19  they were excessive.  Walsh's conclusory cut-and-paste allegations fail to plead facts

20  regarding the nature of Wells Fargo's purported misconduct and, thus, cannot

21  support a UCL claim.

22    **4.    <u>Walsh's Accounting Claim Fails.</u>**

23    In his fourth claim for relief, Walsh alleges that he has been making

24  "mortgage payments to Defendants and their successors since 2004" and seeks an

25  accounting of  "[t]he actual amount of the arrearages on Plaintiffs' [*sic*] loan and the

26  actual amount of money due from Plaintiff to Defendants." [5] (Compl. ¶¶ 133, 136.)

27

28  [5]   Walsh's allegation that he has been making payments since 2004 directly
       contradicts the allegations in his complaint and judicially noticeable documents,

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

810202.02/SD

Case No.  SACV13-01526 CJC (RZx)
NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT

-16-

To state a cause of action for an accounting, a plaintiff must allege:  (1) a fiduciary relationship; (2) a balance due from the defendant to the plaintiff that can only be ascertained by an accounting; and (3) misconduct.  *Kritzer v. Lancaster*, 96 Cal.App.2d 1, 6-7 (1950); *Brea v. McGlashan*, 3 Cal.App.2d 454, 460 (1934). Walsh's accounting claim fails for several reasons.

Walsh does not state a claim for accounting because he does not allege facts showing the existence of a fiduciary relationship.  Rather, he asserts that "a fiduciary relationship between the parties is not required to state a cause of action for accounting.  All that is required is that some relationship exist that requires an accounting."  (Compl. ¶ 129.)  That is not the law.  *Powell v. Residential Mortg. Capital*, 2010 U.S. Dist. LEXIS 59698, *30 (N.D. Cal. May 24, 2010) ("Moreover, 'an accounting can be a cause of action when a defendant has a fiduciary duty to a plaintiff which requires an accounting, and that some balance is due to the plaintiff that can only be ascertained by an accounting.'"); *Guerrero v. Wells Fargo Bank, N.A.,* 2010 U.S. Dist. LEXIS 96261, *11-12 (C.D. Cal. Sept. 14, 2010) (dismissing accounting claim because "a lender does not have a fiduciary relationship as a matter of law with its borrowers"); *Ware*, 2013 U.S. Dist. LEXIS 120324, *14 (S.D. Cal. Aug. 16, 2013) ("Finally, Plaintiffs have not established any fiduciary duties under which Defendant owed them a detailed accounting.").  *Spencer v. DHI Mortg. Co., LTD*., 642 F.Supp.2d 1153, 1160-61(E.D. Cal. 2009)  ("[a]bsent 'special circumstances' a loan transaction 'is at arms-length and there is no fiduciary relationship between the borrower and lender.").  Because the Complaint is devoid

---

which demonstrate that Walsh did not enter into the loan contracts until April 2008, and stopped making his mortgage payments in 2012.  *Sprewell v. Golden St. Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (rejecting the general rule that allegations in a complaint must be accepted as true where those allegations contradict exhibits attached to the complaint or judicially noticeable documents).

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

810202.02/SD

-17-

Case No.  SACV13-01526 CJC (RZx)
NOTICE OF MOTION AND MOTION TO
DISMISS COMPLAINT

1   of facts suggesting that Wells Fargo acted as anything but a traditional lender,

2   Walsh's accounting claim fails.

3        In addition Walsh's claim fails because his "[a] request for a legal accounting

4   must be tethered to relevant actionable claims." *Hafiz v. Greenpoint Mortg.*,

5   652 F.Supp.2d 1039, 1043 (N.D. Cal. 2009).  Walsh attempts to tether his

6   accounting claim to his allegations that Wells Fargo engaged in the practice of

7   marking up default-related services fails [Compl. ¶ 130-132], but as explained

8   above, Walsh fails to state a claim based on the supposedly excessive fees.  Because

9   Walsh has "'not anchored [his] request to any viable claims' and [his] accounting

10  claim cannot survive." *Derusseau v. Bank of Am., N.A.*, 2011 U.S. Dist. LEXIS

11  136508,*24 (S.D. Cal. Nov. 29, 2011).

12       Furthermore, a cause of action for accounting is not proper when it is the

13  plaintiff who owes money to the defendant.  *Teselle v. McLoughlin*,

14  173 Cal.App.4th 156, 179 (1990); *see also Singh v. Wells Fargo Bank, N.A.*,

15  2009 U.S. Dist. LEXIS 67123 at *8-9.  Such is the case here.  As evidenced by the

16  Notice of Default, as of July 30, 2013, Walsh owes Wells Fargo well over $200,000

17  in past due mortgage payments.  (RJN, Ex. 4.)  Walsh's accounting claim fails for

18  this reason as well.

19  **IV.   CONCLUSION**

20       Walsh's claims suffer from inherent defects that cannot be cured by

21  amendment.  The Court should not hesitate to dismiss the Complaint *with prejudice*.

22

23  Dated:  October 4, 2013                    ALLEN MATKINS LECK GAMBLE
                                               MALLORY & NATSIS LLP
24

25                                             By:___*/s/ Josi Kennon Swonetz*___
                                                  JOSI KENNON SWONETZ
26                                                Attorneys for Defendant
                                                  Wells Fargo Bank, N.A.
27

28

LAW OFFICES
**Allen Matkins Leck Gamble
Mallory & Natsis LLP**

810202.02/SD                    -18-                    Case No.  SACV13-01526 CJC (RZx)
                                                        NOTICE OF MOTION AND MOTION TO
                                                        DISMISS COMPLAINT